## ROSENBERG v. HASSETT.

(Supreme Court, Appellate Term. February 23, 1904.)

**1. DEFAULT—OPENING—TERMS.**

In an action to foreclose a lien, plaintiff served notice of trial, and placed his cause on the general calendar. Thereafter, discovering that it should have been placed on the equity calendar, an ex parte order was obtained by plaintiff transferring it to that calendar, where it received a different number, but was never served on defendant's attorney, who in the meantime had ascertained the number of the cause on the general calendar. On the day the cause came up for trial on the equity calendar and default was entered defendant's attorney was engaged in another court, and did not know that the case was on. Those in the office of defendant's attorney having charge of the calendar had not been instructed to look for the case on the equity calendar. *Held*, that defendant was entitled to open the default without any terms imposed.

Appeal from City Court of New York, Special Term.

Action by Hyman Rosenberg against James Hassett. From an order imposing costs and disbursements as terms upon granting motion to open a default, defendant appeals. Modified and affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

William J. Bolger, for appellant.
Joseph Rosenzweig, for respondent.

PER CURIAM. In an action to foreclose a mechanic's lien the plaintiff served notice of trial, and placed his cause upon the general calendar. Thereafter, discovering that it should have been placed on the equity calendar, an ex parte order transferring it to that calendar, where it received the number 459, was obtained by the plaintiff, but was never served on the defendant's attorney, who in the meantime has ascertained the number of the cause on the general calendar to be number 5,513. On the day the case came up for trial on the equity calendar the defendant's attorney was engaged in court in

Brooklyn, and had no opportunity to see the law journal in which the case appeared, but without his name as attorney for the defendant. Those in his office having charge of the calendar had not been instructed to look for the case, because its number on the calendar was 5,513, and no notice was sent to his office by the telephone company that the case was on. Under these circumstances we think the motion should have been granted without any terms imposed. It was plainly the fault of the plaintiff, and the plaintiff alone, that the default arose. The order appealed from should be modified by striking out the $27.55 costs and disbursements, and as modified affirmed, with $10 costs and the disbursements of this appeal to the appellant to abide the event.

Order modified as indicated, and as modified affirmed, with $10 costs and the disbursements of this appeal to the appellant to abide the event.